# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JORDYN MCLEMORE** | : |
| 79 Oney Avenue | : |
| Huntington, WV 25705 | :  CASE NO. 3:22-cv-155 |
| | : |
| on her own behalf and on behalf of all | : |
| others similarly situated, | :  JUDGE: |
| | : |
| Plaintiffs, | : |
| | :  MAGISTRATE JUDGE: |
| vs. | : |
| | : |
| **KAV HEALTH GROUP LLC** | : |
| 5563 Far Hills Ave. | :  **Jury Demand Endorsed Hereon** |
| Dayton, OH 45429 | : |
| | : |
| c/o Registered Agent | : |
| B. & MCD., INC. | : |
| 388 S. Main Street, Suite 500 | : |
| Akron, OH 44311 | : |
| | : |
| Defendant. | : |

## COMPLAINT

NOW COMES Plaintiff Jordyn McLemore ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against KAV Health Group LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. This is a "collective action" instituted by Plaintiff as a result of Defendant's unlawful policy related to failing to pay non-exempt employees for all time spent working, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ.

P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, performed her job duties out of one of Defendant's Dayton, Ohio, locations and Defendant is doing and has done substantial business in the Southern District of Ohio. Defendant has several locations in the state of Ohio, several of which are located in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Jordyn McLemore is an individual, a United States citizen, and a resident of the state of West Virginia. Plaintiff performed her job duties in Dayton, Ohio. The location in which Plaintiff worked is in Montgomery County, Ohio.

6. Defendant KAV Health Group LLC is a domestic limited liability company registered to do business in Ohio and conducts business in the Southern District of Ohio. Defendant has several locations in the State of Ohio and several in the Southern District of Ohio.

## WAGE AND OVERTIME

7. At all times relevant herein, Plaintiffs were employees of Defendant as defined in the FLSA.

8. At all relevant times herein, Plaintiffs were hourly, non-exempt employees of Defendant as defined in the FLSA.

9. Plaintiff McLemore brings this action on her own behalf and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

10. At all times relevant herein, Defendant KAV Health Group LLC was considered a covered "employer" as that term is defined by the FLSA.

11. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings Count I of this action on her own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other similarly situated who have been, are being, or will be adversely affected by Defendant's conduct.

13. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former hourly CDCA's employed by Defendant from June 10, 2019 through the present who did not receive any compensation for performing required tasks, including but not limited to those listed in Paragraph 32 of the Complaint, resulting in Plaintiffs not receiving overtime pay for all hours worked over 40 hours in a workweek, at an overtime rate of one and one-half times their regular rate of pay. (hereinafter referred to as "SSPs").[1]

---

[1] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

3

14. Plaintiff is unable to state the exact size of the potential class at this time but upon information and belief, believes it consists of at least 100 persons.

15. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.§ 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings Count II of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former hourly CDCA's employed by Defendant from June 10, 2019 through the present who did not receive any compensation for performing required tasks, including but not limited to those listed in Paragraph 32 of the Complaint, resulting in Plaintiffs not receiving overtime pay for all hours worked over 40 hours in a workweek, at an overtime rate of one and one-half times their regular rate of pay. (hereinafter referred to as "SSPs").

17. Plaintiff is unable to state the exact size of the Ohio Class at this time but upon information and belief, believes it consists of at least 100 persons.

18. There are questions of law and fact common to the Ohio Class, including but not limited to the following:

   (a) Whether Defendant's failure to pay the Ohio Class for all time spent working, including not paying them at all for the tasks listed in Paragraph 32 of the Complaint, resulted in the Ohio Class not receiving overtime pay for all hours worked over 40 hours in a workweek at a rate of one and one-half times their regular rate of pay violated O.R.C. 4111.03; and

   (b) What amount of monetary relief will compensate Plaintiff Jordyn McLemore and other members of the Ohio Class for Defendant's violation of O.R.C. 411.03 and 4111.10.

19. The claims of Plaintiff Jordyn McLemore are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other Ohio Class members.

20. Named Plaintiff Jordyn McLemore will fairly and adequately protect the interests of the Ohio Class. Her interests are not antagonistic to, but rather are in unison with, the interests of the Ohio Class members. The named Plaintiff's counsel have broad experience in handling class and collective wage and hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

21. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual class members.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys fees, and demands on court resources.

23. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## FACTUAL ALLEGATIONS SUPPORTING COUNTS I & 2

24. Defendant KAV Health Group LLC is a provider of online addiction treatment, Suboxone treatment and mental health treatment. Defendant offers mental health therapy sessions as well.

25. Defendant has five Ohio locations, located in Columbus, Chillicothe, Dayton and two in Cincinnati. Plaintiff worked out of Defendant's Dayton, Ohio, location.

26. At all times relevant herein, Plaintiff McLemore was a Chemical Dependency Counselor Assistant (CDCA) and all Plaintiffs that may potentially participate in this lawsuit were or are CDCA's.

27. Plaintiff McLemore was hired by Defendant as a CDCA on or about April 13, 2022. She was hired as an hourly, non-exempt employee.

28. All other potential Plaintiffs are/were CDCA's and were hourly, non-exempt employees.

29. Plaintiffs' job duties generally include counseling individuals that have struggled with alcohol and/or drug addiction.

30. Upon being hired by Defendant, Plaintiff McLemore went through Defendant's training program from April 13 to April 15, 2022.

31. Plaintiff McLemore's first day on the job was April 18, 2022.

32. During her training, Plaintiff McLemore was told by Jessica Hudson, Counselor Coordinator, that they (she and other CDCA's) would not be paid for the following tasks that had to be completed during normal working hours:

- client progress notes (takes about 15-20 minutes per client)
- answering emails
- mandatory meetings (1 meeting per week and supervision weekly meetings - 1 hour each)
- required compliance notes (must be done for each client)
- scheduling of clients (must be done for each client)
- taking phone calls from clients in between sessions
- End of Day reports (billing, noncompliance, counselor attestation, must be done every day)

33. Plaintiff McLemore was specifically told that she could only track and bill for time that she spent actually counseling clients and that she could not bill or track time for an of the tasks listed in Paragraph 19.

34. During her short employment, Ms. McLemore counseled between 7-8 clients per day, with each session lasting approximately one hour.

35. Any work performed beyond that, such as the tasks listed in Paragraph 19, were not to be tracked and were not to be paid.

36. Ms. McLemore was specifically told that these policies apply to all CDCA's and that these policies have been in place for quite some time. As a result, upon information and belief, Defendant has very high turnover among CDCA's.

37. Plaintiff McLemore was provided a Training Manual for Counselors and Case Managers that contains information related to tasks that CDCA's are required to perform, all without pay.

38. Plaintiff McLemore was provided with a Supervision Contract, attached hereto as Exhibit B. She was required to meet with her supervisor on a weekly basis, for 1 hour, and was specifically told that she would not be paid for that time. (Ex. B, p. 1).

39. Plaintiffs were required to attend "lunch and learns" and were not paid for them.

40. On April 28, 2022, Plaintiff McLemore inquired as to whether she and other CDCA's were paid for "lunch and learns" or the supervision meetings mentioned in Exhibit B. Jessica Hudson responded, "I do not believe so." (Exhibit C).

41. Plaintiff McLemore was assigned several tasks on her first day of employment that she was not paid for, attached in an email as Exhibit D.

42. Upon information and belief, no exemption to the FLSA applies to Plaintiff McLemore and other current/former CDCA's. Not only are these individuals entitled to be paid for all hours worked, but they are entitled to be paid overtime for all hours worked over 40 hours in a workweek.

43. Defendant's policies of refusing to pay Plaintiff McLemore and all other current/former CDCA's for the duties listed in Paragraph 19, among others, is a blatant violation of the FLSA and Ohio law.

44. Plaintiff McLemore and all other current/former CDCA's must be paid for all time spent working and must be paid overtime for all hours worked over 40 hours in a workweek.

45. At all times relevant herein, Plaintiff McLemore and all other current/former CDCA's were not paid overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

46. At all times relevant herein, Defendant did not provide any compensation to Plaintiffs and other Health Service Coordinators for their hours worked over 40 hours per workweek.

47. At all times relevant herein, Plaintiff McLemore and all other current/former CDCA's were not paid minimum wage for all hours worked, as they were not paid for any of the tasks listed in Paragraph 19 of the Complaint, among others.

48. Defendant's policy regarding not paying Plaintiff McLemore and all other current/former CDCA's for time spent working is a violation of the FLSA and Ohio law and results in unpaid wages and unpaid overtime.

49. Plaintiff McLemore and all other current/former CDCA's are required to perform work without being paid for it.

## FIRST CAUSE OF ACTION
**(FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)**

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. Plaintiff McLemore brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly CDCA's employed by Defendant from June 10, 2019 through the present who did not receive any compensation for performing required tasks, including but not limited to those listed in Paragraph 32 of the Complaint, resulting in Plaintiffs not receiving overtime pay for all hours worked over 40 hours in a workweek, at an overtime rate of one and one-half times their regular rate of pay. (hereinafter referred to as "SSPs").[2]

52. Upon information and belief, from June 10, 2019 through the present, Defendant has continuously employed more than 50 CDCA's in all five of its Ohio locations.

53. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is a representative of all SSPs and is acting on behalf of their interests as well as her own in bringing this action.

54. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

55. Plaintiff and the SSPs were paid on an hourly basis.

56. Plaintiff and the SSPs were non-exempt employees.

57. Plaintiff and the SSPs frequently worked more than 40 hours per week.

58. Plaintiff and the SSPs were not paid at all for certain tasks they were required to perform, including but not limited to those in Paragraph 19 of the Complaint.

---

[2] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

59. As a result of that, Plaintiff and the SSPs were not paid wages for these tasks at all, which resulted in unpaid overtime and/or overtime being paid incorrectly, as it could not have been paid correctly if it was not based on the true number of hours worked by Plaintiff and the SSPs.

60. Defendant refused to pay overtime pay to Plaintiffs and the SSPs.

61. Plaintiffs were specifically told they were not paid for certain tasks they were required to perform and Jessica Hudson told Plaintiff McLemore that she would not be paid for "lunch and learns," where attendance was required and that she would not be paid for mandatory meetings with her supervisor. (See Exhibit C).

62. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek. Plaintiff and the SSPs could not have been paid correctly for overtime, as they were not paid at all for specific tasks.

63. Plaintiff and the SSPs were not paid any wages for performing specific tasks, including but not limited to those in Paragraph 19 of the Complaint.

64. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving any compensation or overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

65. Defendant was aware that Plaintiff and the SSPs were not paid for all time spent working, as it did not pay them for performing certain tasks including but not limited to those in Paragraph 19.

66. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as whether it was required to pay Plaintiff and the SSPs for all work performed and that it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

67. Here, Defendant knew it was violating the law, as it could not have possibly believed that instructing individuals to perform work and not be paid for it was legal. Defendant knew this directive was in violation of the FLSA.

68. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. Additionally, Plaintiff and the SSPs were forced to perform work and not be paid for it at all. As a result, Plaintiff and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**(Class Action, Violations of Ohio Revised Code 4111.03)**

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Defendant is an "employer" within the meaning of O.R.C. § 4111.03(D)(2).

71. Named Plaintiff Jordyn McLemore and other members of the Ohio Class are "employees" meaning of O.R.C. § 4111.03(D)(3).

72. Defendant's practice of not paying the SSP's for all tasks performed resulted in unpaid overtime, as fully described herein, and is a violation of the OMFWSA and O.R.C. § 4111.03.

73. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the Ohio Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

    Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)
Peter G. Friedmann (0089293)
(Pete@TFFLegal.com)
Jamie R. Bailey (0099789)
(Jamie@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, OH 43026
614-610-9756 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiff*

### JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Rachel Sabo Friedmann, Esq.*
Rachel Sabo Friedmann (0089226)