IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| JORDYN MCLEMORE, et al., | Case No. 3:22-cv-155 |
| Plaintiffs, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| KAV HEALTH GROUP, LLC, | |
| Defendant. | |

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO STAY PENDING DECISION BY
SIXTH CIRCUIT COURT OF APPEALS (DOC. 13)**

This putative Fair Labor Standards Act collective action and Rule 23 class action comes before the Court on Defendant's Motion to Stay Pending Decision By Sixth Circuit Court of Appeals (Motion, Doc. 13). For the reasons set forth below, Defendant's Motion is GRANTED.

**I.    BACKGROUND**

In its Motion, Defendant argues that the Court should stay these proceedings because a controlling legal issue in this case—namely, the legal standard that applies to certifications of collective actions under the FLSA—is being decided by the Sixth Circuit in the cross-appeals captioned *Brooke Clark et al. v. A&L Home Care and Training Center LLC, et al.*, Nos. 22-3101 and 22-3102.[1] In its Reply Brief (Doc. 15), Defendant

---

[1] The Court notes that Brook Clark was terminated as a Plaintiff and the lead Plaintiff on appeal is Larry Holder. Therefore, some courts refer to these cross-appeals as the *Holder* case. To be consistent with the nomenclature used by the Sixth Circuit, the undersigned will refer to these cross-appeals as the *Clark* case.

states that the Sixth Circuit has scheduled oral argument in *Clark* for December 7, 2022. Defendant argues that judicial economy favors a stay because the legal standard identified by the Sixth Circuit will impact discovery and briefing on the issue of class certification. Defendant also cites several decisions from this Court that have stayed other pending putative FLSA collective actions until after *Clark* is decided.

Plaintiffs oppose the Motion (Mem. in Opposition, Doc. 14). They argue that a stay will unduly delay these proceedings and will prejudice Plaintiffs because of the running of the applicable statute of limitations. Plaintiffs contend that some courts have allowed FLSA collective actions to proceed notwithstanding the *Clark* appeal, although they concede that those courts were not asked to stay their proceedings. Finally, Plaintiffs argue that it is unknown how long it will take the Sixth Circuit to issue its decision, and they should not be required to wait a long period of time before pursuing their claims.

## II. LAW AND ANALYSIS

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court considers these factors when deciding whether to exercise its discretion in favor of granting a stay: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Cordell v. Sugar Creek Packing*, No. 2:21-cv-755, 2022 U.S. Dist. LEXIS 146965, *5 (S.D. Ohio Aug. 16, 2022) (internal quotations and citations omitted)).

The undersigned is persuaded by the reasoning of her fellow jurists who have granted similar motions to stay the proceedings in pending FLSA cases until the Sixth Circuit issues its decision in *Clark*. *See e.g., Cordell*, 2022 U.S. Dist. LEXIS 146965, *8-11 (Marbley, J.); *Mullen v. Chaac Pizza Midwest, LLC*, No. 1:20-cv-893, 2022 U.S. Dist. LEXIS 39301, *17 (McFarland, J.); *Schell v. Kroger Co.*, No. 1:21-cv-103, 2022 U.S. Dist. LEXIS 34130, *6-7 (S.D. Ohio Feb. 28, 2022) (Barrett, J.); *Lovendahl v. Kroger Co.*, No. 1:21-cv-350, 2022 U.S. Dist. LEXIS 34124, *5-6 (S.D. Ohio Feb. 28, 2022) (Barrett, J.); *Green v. Cornerstone Servs., Inc.*, No. 1:20-cv-706, slip op. (S.D. Ohio Feb. 26, 2022) (McFarland, J.). The undersigned agrees that a stay of these proceedings will further judicial economy and simplify the issues by postponing discovery and briefing on the issue of class certification until the parties and the Court have been informed of the applicable legal standard. Therefore, the balance of factors weighs in favor of a stay.

The Court recognizes, however, that a stay of proceedings could prejudice Plaintiffs and potential opt-in plaintiffs due to the running of the statute of limitations. Therefore, the Court will grant Plaintiffs' alternative request for equitable tolling of the statute of limitations for Plaintiffs and all potential opt-in plaintiffs. *See Cordell*, 2022 U.S. Dist. LEXIS 146965, *9-10; *Schell*, 2022 U.S. Dist. LEXIS 34130, *6.

### III.  CONCLUSION

For the reasons stated above, Defendant's Motion to Stay Proceedings (Doc. 13) is **GRANTED** and the proceedings in this matter are **STAYED**. Plaintiff's request for equitable tolling of the statute of limitations for the FLSA claims is also **GRANTED**. The parties are **ORDERED** to schedule a status conference with District Judge Rose within fourteen (14) days of the Sixth Circuit's issuance of its decision in *Clark*.

**IT IS SO ORDERED.**

> */s/ Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.